UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GEORGE SANTULLI and MICHAEL SANTULLI,

          Plaintiffs,

    - against -

DETECTIVE MICHAEL MOY, Shield No. 5169 and
THE CITY OF NEW YORK,

          Defendants.
-------------------------------------------------------------------X

COMPLAINT AND
JURY TRIAL DEMAND

Plaintiffs, GEORGE SANTULLI and MICHAEL SANTULLI, by their attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully allege as follows:

## JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiffs, invoking the supplemental jurisdiction of this Court, also seek compensatory and punitive damages for abuse of criminal process, false arrest and malicious prosecution.

## VENUE

5. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff GEORGE SANTULLI was and is a natural person, resident in the County of Kings, City and State of New York.

8. At all times relevant hereto, plaintiff MICHAEL SANTULLI was and is a natural person, resident in the County of Kings, City and State of New York.

9. At all times relevant hereto, defendant DETECTIVE MICHAEL MOY (hereinafter "MOY") was and is a natural person, employed as a detective by the Police Department of defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

11. Plaintiffs are father and son.

12. The individual defendant is sued in his individual capacity.

13. On or about January 6, 2017, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiffs served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claims arose.

14. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

15. This action is commenced within one year and ninety days from the date the supplemental claims herein accrued.

**FACTS COMMON TO ALL CAUSES OF ACTION**

16. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "15" hereinabove as if more fully set forth at length herein.

17. At all times relevant hereto, plaintiffs resided at the premises 1962 60th Street, County of Kings, City and State of New York.

18. At all times relevant hereto, the subject premises, pursuant to an easement, shared a driveway with the premises 1960 60th Street, County of Kings, City and State of New York, which, at all times relevant hereto, were, and are, owned by Xiao Ping Huang and Xuetao Du, whom, upon information and belief are mother and daughter.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF MICHAEL SANTULLI
AGAINST DEFENDANT MOY
(42 U.S.C. §1983)**

19. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "18" hereinabove as if more fully set forth at length herein.

20. On or about February 6, 2016, shortly after midnight, plaintiff MICHAEL SANTULLI lawfully attempted to drive a motor vehicle into the aforementioned shared driveway.

21. At the aforementioned time and location, plaintiff MICHAEL SANTULLI observed a wheelbarrow blocking the aforementioned driveway, which wheelbarrow

was attached by a chain to a fence appurtenant to the aforementioned neighbors' premises.

22. Plaintiff MICHAEL SANTULLI, in order to have room for his vehicle to proceed into the driveway, placed the wheelbarrow over the neighbors' aforementioned fence.

23. In the process of placing the wheelbarrow over the neighbors' aforementioned fence, the chain attaching the wheelbarrow to the fence snapped.

24. No damage was done to either the wheelbarrow itself or to the tiled surface located on the neighbor's side of the aforementioned fence.

25. Later on February 6, 2016, defendant MOY telephoned plaintiff MICHAEL SANTULLI and told him that if he did not come to the 66th Precinct, a warrant for his arrest would issue.

26. Plaintiff MICHAEL SANTULLI went to the stationhouse of the 66th Precinct and met with defendant MOY.

27. Defendant MOY falsely and maliciously informed plaintiff MICHAEL SANTULLI that he had intentionally damaged his neighbors' property and had thereby committed a felony.

28. Defendant MOY ordered plaintiff MICHAEL SANTULLI to return to the stationhouse the following day, February 7, 2016.

29. When plaintiff MICHAEL SANTULLI appeared at the stationhouse the following day, defendant MOY played a video purporting to show the neighbors' broken tile and instructed plaintiff MICHAEL SANTULLI to remove his belt and shoelaces, thereby implying that plaintiff MICHAEL SANTULLI was being placed under arrest.

30. However, rather than issuing a desk appearance ticket to plaintiff MICHAEL SANTULLI or initiating the processing of his arrest, defendant MOY telephoned the neighbors and brokered an agreement that provided, *inter alia*, that plaintiffs and the next door neighbors would cooperate on the issue of use of the shared driveway.

31. Nevertheless, on or about October 11, 2016, defendant MOY falsely and maliciously arrested plaintiff MICHAEL SANTULLI for damaging the neighbors' tile, charging him with the crime of criminal mischief in the fourth degree, a class A misdemeanor.

32. Upon information and belief, plaintiff MICHAEL SANTULLI's criminal attorney took defendant MOY to the neighbors' premises and showed him that there was no damage to the aforementioned tile.

33. Nevertheless, plaintiff MICHAEL SANTULLI was booked and was put through the system.

34. Following several court appearances, the charge against plaintiff MICHAEL SANTULLI was dismissed and sealed in Criminal Court, County of Kings, on February 3, 2017.

35. At the time that defendant MOY arrested plaintiff MICHAEL SANTULLI and charged him with the aforementioned misdemeanor, plaintiff MICHAEL SANTULLI had passed the examination to become a New York City firefighter and was awaiting appointment.

36. Plaintiff MICHAEL SANTULLI informed defendant MOY that he was on the list to become a New York City firefighter.

37. As a result of the misdemeanor arrest falsely and maliciously made by defendant MOY, plaintiff MICHAEL SANTULLI was unable to be appointed as a New York City firefighter because the aforementioned list expired before the charges against him were dismissed.

38. Defendant MOY violated plaintiff MICHAEL SANTULLI's rights, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, in that, acting under color of state law, he, without any cause or provocation whatsoever, falsely arrested plaintiff MICHAEL SANTULLI; maliciously prosecuted him for criminal mischief in the fourth degree, an A misdemeanor, without having probable cause therefor; and used the weight of his authority as a police officer to bring criminal charges against him to resolve a civil dispute.

39. Because of the aforementioned acts committed against him by defendant MOY, plaintiff MICHAEL SANTULLI suffered a deprivation of his right to be arrested, charged and prosecuted only with probable cause; all guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, and, as a result, suffered a loss of his liberty; lost his opportunity for employment as a member of the New York City Fire Department; incurred expenses for legal representation; and suffered extreme mental anguish.

40. By reason of the aforementioned unconstitutional and illegal actions taken against him by defendant MOY, plaintiff MICHAEL SANTULLI has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant MOY.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF GEORGE SANTULLI
## <u>AGAINST DEFENDANT MOY</u>
## (42 U.S.C. §1983)

41. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "40" hereinabove as if more fully set forth at length herein.

42. On or about September 12, 2016, plaintiff GEORGE SANTULLI had constructed a new fence within the property line of the premises 1962 60th Street, County of Kings, City and State of New York.

43. The aforementioned owners of the adjoining property at 1960 60th Street falsely and maliciously complained to defendant MOY that the aforementioned fence was partially standing on their property.

44. Furthermore, the aforementioned owners of the adjoining property had chained bicycles to plaintiffs' aforementioned fence.

45. At or about the time that plaintiff MICHAEL SANTULLI was arrested as aforementioned, defendant MOY instructed his criminal attorney to inform plaintiff GEORGE SANTULLI that he was going to be arrested on a charge of stalking the owners of the premises across the driveway unless plaintiff GEORGE SANTULLI moved the aforementioned fence and foreshortened a stairway leading from the side door of his premises.

46. The aforementioned false accusation of stalking, upon information and belief, had originated as a result of plaintiff GEORGE SANTULLI's standing in the shared driveway and staring up at video cameras that the owners of the aforementioned adjoining premises had installed on their dwelling.

47. At the time that defendant MOY informed plaintiff GEORGE SANTULLI that he had to make the aforementioned alterations, he admitted to plaintiff GEORGE SANTULLI that he was acting at the behest of the owners of the adjoining property.

48. A contract was drawn up pursuant to which plaintiff GEORGE SANTULLI agreed to make the aforementioned alterations.

49. The aforementioned contract was to be entered into at the stationhouse of the 66th Precinct.

50. However, the aforementioned owners of the premises across the driveway refused to sign the contract and left the stationhouse.

51. Subsequent to the refusal of the neighbors to enter into the contract, plaintiff GEORGE SANTULLI observed the younger of the two women get into the front passenger seat of defendant MOY's unmarked motor vehicle and be driven away by him.

52. On or about October 14, 2016, plaintiff GEORGE SANTULLI moved the aforementioned fence and made the alteration that he had agreed to make to the steps leading to the side door of his premises.

53. However, the very next day, October 15, 2016, one of the aforementioned owners of the premises next door, Xuetao Du, blocked the shared driveway and then telephoned the police, falsely claiming that plaintiff GEORGE SANTULLI had damaged her house with his vehicle.

54. A New York City Police Department detective named Roman responded to the telephone complaint made by Ms. Du.

55. Detective Roman examined the neighbors' house and plaintiff GEORGE SANTULLI's motor vehicle and then informed plaintiff GEORGE SANTULLI that he saw

no damage that would indicate that plaintiff GEORGE SANTULLI had damaged the neighbors' house.

56. Detective Roman then left the premises.

57. Upon information and belief, shortly after Detective Roman left, the neighbors telephoned defendant MOY.

58. At approximately 1:00 P.M., defendant MOY arrived at the premises.

59. Defendant MOY inspected the fence that plaintiff GEORGE SANTULLI had constructed and then directed Ms. Huang to park her motor vehicle in the shared driveway.

60. Ms. Huang did as defendant MOY instructed her and was then driven away from the premises by defendant MOY, in his vehicle.

61. Ms. Huang's aforementioned vehicle remained, blocking the driveway for several months.

62. On or about October 20, 2016, defendant MOY arrested plaintiff GEORGE SANTULLI, falsely and maliciously charging him with fourth degree criminal mischief, an A misdemeanor; and trespass, a violation.

63. Plaintiff GEORGE SANTULLI was issued a desk appearance ticket.

64. The aforementioned charges were falsely and maliciously based on a complaint made by one of the owners of the premises next door, which alleged that plaintiff GEORGE SANTULLI had bent one of the wheels on the bicycles that, as alleged hereinabove, had been improperly chained to the fence that plaintiff GEORGE SANTULLI had constructed on his property.

65. Thus, defendant MOY, in charging plaintiff GEORGE SANTULLI with trespass, was charging him with trespassing on his own property.

66. After several court of appearances, all charges against plaintiff GEORGE SANTULLI were dismissed and sealed in Criminal Court of the City of New York, County of Kings, on September 19, 2017.

67. Defendant MOY violated plaintiff GEORGE SANTULLI's rights, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, in that, acting under color of state law, he, without any cause or provocation whatsoever, falsely arrested plaintiff GEORGE SANTULLI and maliciously charged him with fourth degree criminal mischief, an A misdemeanor; and trespass, a violation, without having probable cause therefor; and used the weight of his authority as a police officer to bring criminal charges against plaintiff GEORGE SANTULLI to resolve a civil dispute.

68. Because of the aforementioned acts committed against him by defendant MOY, plaintiff GEORGE SANTULLI suffered a deprivation of his right to be arrested, charged and prosecuted only with probable cause; all guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, and, as a result, suffered a loss of his liberty; incurred expenses for legal representation; and suffered extreme mental anguish.

69. By reason of the aforementioned unconstitutional and illegal actions taken against him by defendant MOY, plaintiff GEORGE SANTULLI has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant MOY.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF BOTH PLAINTIFFS AGAINST DEFENDANTS MOY and THE CITY OF NEW YORK
(Abuse of Criminal Process)

70. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "69" hereinabove as if more fully set forth at length herein.

71. Defendant MOY intentionally, maliciously and illegally arrested and charged plaintiffs for violations of the New York State Penal Law for what were, at most, tortious actions that did not rise to the level of criminal offenses.

72. Specifically, on or about October 11, 2016, defendant MOY arrested plaintiff MICHAEL SANTULLI and falsely and maliciously charged him with damaging a tile on his neighbors' property when all plaintiff MICHAEL SANTULLI had done was remove a wheelbarrow that was blocking vehicle access to the shared driveway and place it over the neighbors' fence.

73. Even if plaintiff MICHAEL SANTULLI had damaged a tile on the neighbors' side of the fence, which he does not admit doing, such an act would have amounted to no more than negligence, not an intentional criminal act.

74. On or about October 20, 2016, defendant MOY falsely and maliciously arrested plaintiff GEORGE SANTULLI and charged him with fourth degree criminal mischief and trespass.

75. The charge of trespass contained an impossibility, as plaintiff GEORGE SANTULLI was charged with being present on his own premises.

76. The charge of fourth degree criminal mischief also amounted to criminalizing what was at most a tort, as it was based upon an allegation of plaintiff

GEORGE SANTULLI's having damaged one of his neighbors' bicycles when he was removing it from its being illegally chained to his own fence.

77. As a result of the aforementioned illegal and improper actions of defendant MOY, plaintiff MICHAEL SANTULLI was charged with a crime, arrested, incarcerated and forced to defend himself in a criminal proceeding.

78. As a result of the aforementioned illegal and improper actions of defendant MOY, plaintiff GEORGE SANTULLI was charged with a crime and a violation, arrested, incarcerated and forced to defend himself in a criminal proceeding.

79. At the time that defendant MOY committed the aforementioned acts against plaintiffs, he was acting within the course of his employment by defendant CITY OF NEW YORK.

80. Defendant MOY intentionally, maliciously and illegally abused criminal process as aforesaid, purely so as to favor plaintiffs' neighbors in a dispute between property owners and, as a result, each plaintiff suffered a loss of liberty; was forced to defend himself in a criminal proceeding; in the case of plaintiff MICHAEL SANTULLI, lost his opportunity for employment as a New York City firefighter; and suffered the use by defendant MOY of the power of the state to exert criminal process against innocent persons in order to give improper advantage to other parties during a dispute among property owners.

81. By reason of the aforementioned unconstitutional and illegal actions taken against them by defendant MOY while he was acting within the course of his employment by defendant CITY OF NEW YORK, each plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seek punitive damages against defendant MOY.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF MICHAEL SANTULLI
## AGAINST DEFENDANTS MOY
## and THE CITY OF NEW YORK
### (False Arrest)

82. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "81" hereinabove as if more fully set forth at length herein.

83. On or about October 11, 2016, at the stationhouse of the 66th Precinct, defendant MOY, without probable cause, falsely, maliciously, wrongfully, unlawfully and illegally arrested plaintiff MICHAEL SANTULLI and, against plaintiff MICHAEL SANTULLI's own free will, caused him to be incarcerated.

84. Defendant MOY falsely, maliciously, wrongfully, unlawfully and illegally accused plaintiff MICHAEL SANTULLI of having committed the crime of criminal mischief in the fourth degree.

85. Plaintiff MICHAEL SANTULLI was falsely, maliciously, wrongfully, unlawfully and illegally kept in confinement at the stationhouse of the 66th Precinct and at Brooklyn Central Booking.

86. At the time he committed the aforesaid acts of false arrest and false imprisonment, defendant MOY was acting within the scope of his employment by defendant CITY OF NEW YORK.

87. By reason of the false arrest and false imprisonment committed against him by defendant MOY, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff MICHAEL SANTULLI suffered a loss of his liberty; lost his opportunity for employment as a member of the New York City Fire

Department; incurred expenses for legal representation; and suffered extreme mental anguish.

88. By reason of the aforementioned unconstitutional and illegal actions taken against him by defendant MOY, plaintiff MICHAEL SANTULLI has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant MOY.

**AS AND FOR A FIFTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF GEORGE SANTULLI
AGAINST DEFENDANTS MOY
and THE CITY OF NEW YORK
(False Arrest)**

89. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "88" hereinabove as if more fully set forth at length herein.

90. On or about or about October 20, 2016, at the stationhouse of the 66th Precinct, defendant MOY, without probable cause, falsely, maliciously, wrongfully, unlawfully and illegally arrested plaintiff GEORGE SANTULLI and, against plaintiff GEORGE SANTULLI's own free will, held him until a desk appearance ticket was issued.

91. Defendant MOY falsely, maliciously, wrongfully, unlawfully and illegally accused plaintiff GEORGE SANTULLI of having committed the crime of fourth degree criminal mischief and the offense of trespass.

92. Plaintiff GEORGE SANTULLI was falsely, maliciously, wrongfully, unlawfully and illegally kept in confinement at the stationhouse of the 66th Precinct until he was issued a desk appearance ticket.

93. At the time he committed the aforesaid acts of false arrest and false imprisonment, defendant MOY was acting within the scope of his employment by defendant CITY OF NEW YORK.

94. By reason of the false arrest and false imprisonment committed against him by defendant MOY, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff GEORGE SANTULLI suffered a loss of his liberty; incurred expenses for legal representation; and suffered extreme mental anguish.

95. By reason of the aforementioned unconstitutional and illegal actions taken against him by defendant MOY, plaintiff GEORGE SANTULLI has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant MOY.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF MICHAEL SANTULLI AGAINST DEFENDANTS MOY and THE CITY OF NEW YORK (Malicious Prosecution)

96. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "95" hereinabove as if more fully set forth at length herein.

97. On or about October 11, 2016, defendant MOY maliciously caused a criminal prosecution to be commenced against plaintiff MICHAEL SANTULLI by his act of falsely and maliciously arresting him and charging him with the crime of criminal mischief in the fourth degree.

98. Defendant MOY was without probable cause to arrest plaintiff MICHAEL SANTULLI for the crime he charged him with.

99. On or about February 3, 2017, all charges against plaintiff MICHAEL SANTULLI were dismissed in Criminal Court of the City of New York, Kings County.

100. At the time that defendant MOY falsely and maliciously caused the aforementioned prosecution to be commenced against plaintiff MICHAEL SANTULLI, he was acting within the scope of his employment by defendant CITY OF NEW YORK.

101. By reason of the prosecution maliciously commenced against plaintiff MICHAEL SANTULLI by defendant MOY, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff MICHAEL SANTULLI suffered a loss of his liberty; lost his opportunity for employment as a member of the New York City Fire Department; incurred expenses for legal representation; and suffered extreme mental anguish.

102. By reason of the aforementioned unconstitutional and illegal actions taken against him by defendant MOY, plaintiff MICHAEL SANTULLI has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant MOY.

**AS AND FOR A SEVENTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF GEORGE SANTULLI
AGAINST DEFENDANTS MOY
and THE CITY OF NEW YORK
(Malicious Prosecution)**

103. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "102" hereinabove as if more fully set forth at length herein.

104. On or about October 20, 2016, defendant MOY maliciously caused a criminal prosecution to be commenced against plaintiff GEORGE SANTULLI by his act of falsely and maliciously arresting him and charging him with the crime of criminal mischief in the fourth degree and the offense of trespass.

105. Defendant MOY was without probable cause to arrest plaintiff GEORGE SANTULLI for the crime and violation he charged him with.

106. On or about September 19, 2017, all charges against plaintiff GEORGE SANTULLI were dismissed in Criminal Court of the City of New York, Kings County.

107. At the time that defendant MOY falsely and maliciously caused the aforementioned prosecution to be commenced against plaintiff GEORGE SANTULLI, he was acting within the scope of his employment by defendant CITY OF NEW YORK.

108. By reason of the prosecution maliciously commenced against plaintiff GEORGE SANTULLI by defendant MOY, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff GEORGE SANTULLI suffered a loss of his liberty; incurred expenses for legal representation; and suffered extreme mental anguish.

109. By reason of the aforementioned unconstitutional and illegal actions taken against him by defendant MOY, plaintiff GEORGE SANTULLI has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant MOY.

WHEREFORE, plaintiffs, GEORGE SANTULLI and MICHAEL SANTULLI, demand judgment against defendants, DETECTIVE MICHAEL MOY, Shield No. 5169 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate plaintiff MICHAEL SANTULLI for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant MOY;

SECOND CAUSE OF ACTION: An amount sufficient to compensate plaintiff GEORGE SANTULLI for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant MOY;

THIRD CAUSE OF ACTION: An amount sufficient to compensate each plaintiff for his injuries as enumerated hereinabove and, in addition, seek punitive damages against defendant MOY;

FOURTH CAUSE OF ACTION: An amount sufficient to compensate plaintiff MICHAEL SANTULLI for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant MOY;

FIFTH CAUSE OF ACTION: An amount sufficient to compensate plaintiff GEORGE SANTULLI for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant MOY;

SIXTH CAUSE OF ACTION: An amount sufficient to compensate plaintiff MICHAEL SANTULLI for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant MOY; and

SEVENTH CAUSE OF ACTION: An amount sufficient to compensate plaintiff GEORGE SANTULLI for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant MOY.

In addition, plaintiffs demand the costs and disbursements of this action, including their attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
January 8, 2018

*[signature]*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiffs
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No: 2397