UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

GEORGE SANTULLI and MICHAEL SANTULLI,

           Plaintiffs,

             -against-

DETECTIVE MICHAEL MOY and THE CITY
OF NEW YORK,

           Defendants.

-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**18-CV-122 (NGG) (VMS)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiffs George and Michael Santulli ("George" and "Michael," respectively) bring this civil-rights action under 42 U.S.C. § 1983 against Defendants Detective Michael Moy and the City of New York (the "City"). (Compl. (Dkt. 1).) Plaintiffs seek compensatory and punitive damages (id. at 18), and raise causes of action under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution against Moy; state law abuse of criminal process against Moy and the City; state law false arrest against Moy and the City; and state law malicious prosecution against Moy and the City. (See Compl.)

Before the court is Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (See Defs. Not. of Mot. to Dismiss (Dkt. 15).) For the following reasons, the motion is GRANTED.

## I.    BACKGROUND

### A.    Documents to be Considered

As an initial matter, the parties disagree about which documents the court may properly consider in ruling on the present motion. In making their motion, Defendants rely on the complaint as well as: (1) the October 11, 2016 signed statement of Xuetao Du, Plaintiffs' neighbor who complained to the police about Plaintiffs (the "Du Statement"), and (2) three

surveillance videos from 2016. (Reply (Dkt. 20) at 2; see Du Statement (Dkt. 16-2);

Surveillance Footage, Ex. C, D, & E to the July 3, 2018 Fitzgibbon Decl. (Dkt. 16) (submitted in

hard copy to the court).) Plaintiffs argue that the court may not consider this evidence because it

was not attached to the complaint and Plaintiffs did not rely upon it in drafting the complaint.

(Pls. Mem. in Opp'n to Mot. ("Opp'n") (Dkt. 19) at 2-6; see id. at 3 ("The sole basis for the

contents of the complaint was information imparted in conversations plaintiff's attorney had with

plaintiffs at his office.").) The court agrees with Plaintiffs, and thus will not consider the

extrinsic evidence proffered by Defendants.[1]

"In determining the adequacy of the complaint, the court may consider any written

instrument attached to the complaint as an exhibit or incorporated in the complaint by reference,

as well as documents upon which the complaint relies and which are integral to the complaint."

Subaru Distribs. Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir. 2005). For evidence

"[t]o be incorporated by reference, the complaint must make a clear, definite and substantial

reference to the [evidence]." Estate of Leventhal ex rel. Bernstein v. Wells Fargo Bank, N.A.,

No. 14-CV-8751 (ER), 2015 WL 5660945, at *3 (S.D.N.Y. Sept. 25, 2015) (quoting Mosdos

---

[1] When a party submits extraneous materials along with its Rule 12 motion, the court must either exclude these materials or convert the motion to one for summary judgment and give the non-moving party an opportunity to contest any asserted fact. Fed. R. Civ. P. 12(d); see Chambers v. Time Warner, Inc., 282 F.3d 147, 154 (2d Cir. 2002); Leonard F. v. Israel Discount Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999). District courts "have considerable discretion in deciding between these two options." Allen v. Chanel, Inc., No. 12-CV-6758 (RPP), 2013 WL 2413068, at *4 (S.D.N.Y. June 4, 2013) (citing, inter alia, Fed. R. Civ. P. 12(d)). "The essential inquiry is whether the parties should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or were taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." Gross Foundation, Inc. v. Goldner, No. 12-CV-1496 (ILG), 2012 WL 6021441, at *5, (E.D.N.Y. Dec. 4, 2012) (quoting In re G. & A. Books, Inc., 770 F.2d 288, 295 (2d Cir. 1985) (alterations adopted)). Here, Defendants asked the court to convert their motion into a motion for summary judgment in the event it declined to consider the extrinsic evidence they provided (Defs. Mem. in Supp. of Mot. to Dismiss ("Mem.") (Dkt. 17) at 6 n.2); however, they also "reserve[d] the right to move again with additional evidence." (Id. at 6 n.1.) In light of Defendants' expressed interest in adding additional evidence in the event the court considers this as a motion for summary judgment, and in light of Plaintiffs' insistence that further discovery would be required in that situation (see Opp'n at 11-12), the court declines to convert Defendants' motion to dismiss into a motion for summary judgment.

Chofetz Chaim, Inc. v. Vill. of Wesley Hills, 815 F. Supp. 2d 679, 691 (S.D.N.Y. 2011)

(alterations adopted)); see also In re OSI Pharm., Inc. Sec. Litig., No. 04-CV-5505, 2007 WL

9672541, at *3 (E.D.N.Y. Mar. 31, 2007) (noting that even "[l]imited quotation does not

constitute incorporation by reference" and that "[w]hether a document that is merely referred to

or quoted is incorporated by reference [ ] depends on the extent to which it is relied upon and

made use of in the [c]omplaint" (quoting Cosmas v. Hassett, 886 F.2d 8, 13 (2d Cir. 1985); citing

Kas v. Chase Manhattan Bank, N.A., No. 90-CV-44, 1990 WL 113185, at *3 n.2 (S.D.N.Y. July

30, 1990))).

Contrary to Defendants' assertions (Mem. at 3), Plaintiffs' complaint does not

incorporate by reference either the Du Statement or the surveillance videos. With respect to the

Du Statement, the complaint states that the "charges were falsely and maliciously based on a

complaint made by one of the owners of the premises next door." (Compl. ¶ 64.) The complaint

also mentions the existence of some surveillance footage and discusses its subject matter in

vague terms. (Id. ¶¶ 29, 46.) But such references are insufficiently "clear, definite and

substantial" to allow the court to rely on that evidence in considering a motion to dismiss. See

Estate of Leventhal, 2015 WL 5660945, at 3; see also Serrata v. Givens, No. 18-CV-2016

(ARR), 2019 WL 1597297, at *3 (E.D.N.Y. Apr. 15, 2019) (finding that a complaint did not

incorporate the documents memorializing a breath test and a related hearing simply by

acknowledging the existence of those events); Hutchins v. Solomon, No. 16-CV-10029 (KMK),

2018 WL 4757970, at *9 (S.D.N.Y. Sept. 29, 2018) (finding that complaint did not incorporate

transcript of grand jury testimony where it merely referenced an individual's testimony).

"Even where a document is not incorporated by reference, the court may nevertheless

consider it where the complaint relies heavily upon its terms and effect" so as to "render[] the

document integral to the complaint." Chambers, 282 F.3d at 153 (quotation marks and citations omitted). "Such reliance is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." McDonald v. Hempstead Union Free Sch. Dist., No. 18-CV-5658 (DRH), 2019 WL 2716179, at *3 (E.D.N.Y. June 28, 2019) (quoting Chambers, 282 F.3d at 153) (quotation marks omitted). But Plaintiffs state that they did not rely on this evidence in drafting their complaint (Opp'n at 3), and the court is not aware of—nor have Defendants pointed to—any indication of such reliance.

Therefore, the court takes the following statement of facts only from Plaintiffs' amended complaint, the well-pleaded allegations of which the court generally accepts as true for purposes of Defendants' motion to dismiss. N.Y. Pet Welfare Ass'n v. City of New York, 850 F.3d 79, 86 (2d Cir. 2017). The court draws all reasonable inferences in Plaintiffs' favor.

**B.    Facts**

Plaintiffs George and Michael Santulli are a father and son who live at 1962 60th Street, Brooklyn, New York, which shares a driveway with 1960 60th Street (the "Neighboring Premises"). (Compl. ¶ 11.) This action stems from two separate incidents involving disputes with the owners of the Neighboring Premises (the "Neighbors").

1.    The Events Leading to Michael's Arrest

Shortly after midnight on February 6, 2016, Michael attempted to drive a motor vehicle into the shared driveway but found it blocked by a wheelbarrow. (Id. ¶ 21.) The wheelbarrow was chained to a fence on the Neighboring Premises. (Id.) Michael placed the wheelbarrow over the Neighboring Premises' fence; as he did so, the chain connecting the wheelbarrow to the fence snapped. (Id. ¶¶ 22-23.) Later that day, Defendant Michael Moy, a detective with the New York City Police Department (the "NYPD"), allegedly telephoned Michael and told him

4

that "if he did not come to the 66th Precinct, a warrant for his arrest would issue." (Id. ¶¶ 9, 25.)

Michael went to the station house and met with Moy, who allegedly told Michael "that he had

intentionally damaged his neighbors' property and had thereby committed a felony." (Id. ¶¶ 26-

27.) Michael returned to the station house the following day at Moy's instruction; this time, Moy

showed Michael a video "purporting to show the neighbors' broken tile." (Id. ¶¶ 28-29.) He

ordered Michael to remove his belt and shoelaces, allegedly "implying that [Michael] was being

placed under arrest." (Id.) Instead of arresting Michael, however, Moy "telephoned the

neighbors and brokered an agreement that provided, inter alia, that [P]laintiffs and the next door

neighbors would cooperate on the issue of use of the shared driveway." (Id. ¶ 30.)

Nonetheless, on October 11, 2016, Moy arrested Michael "for damaging the neighbors'

tile, charging him with the crime of criminal mischief in the fourth degree." (Id. ¶ 31.) Michael

claims that although his attorney showed Moy that there was no damage to the tile, Michael "was

booked and was put through the system" anyway. (Id. ¶ 32-33.) On February 3, 2017, the

charge against Michael was allegedly dismissed and sealed in Kings County Criminal Court. (Id.

¶ 34.) Michael additionally states that, at the time he was arrested, he had passed the New York

City Firefighter Exam and was awaiting appointment, but he was unable to be appointed because

the "list" expired before the charges against him were dismissed. (Id. ¶¶ 35-37.)

2.     The Events Leading to George's Arrest

On or about September 12, 2016, the Neighbors complained to George that a fence he

had recently constructed "was partially standing on their property." (Id. ¶¶ 42-43). Plaintiffs'

allege, however, that the fence was constructed wholly on their own property. (Id. ¶¶ 42-43.)

Plaintiffs allege that "[a]t or about the same time that" Michael was arrested, Moy told Michael's

lawyer to tell George "that he was going to be arrested on a charge of stalking the [Neighbors]

unless [George] moved the aforementioned fence and foreshortened a stairway leading from the side door of his premises." (Id. ¶ 45.) According to Plaintiffs, Moy also said that he was acting at the Neighbors' behest. (Id. ¶ 47.)

George allegedly made the requested alterations, but, on October 15, 2016, one of the neighboring owners allegedly blocked the shared driveway and told the police that George had damaged her house with his vehicle. (Id. ¶¶ 52-53.) An NYPD officer investigated the scene and told George that there was no apparent damage to the neighbors' house; after he left, however, the neighbors telephoned Moy, who came to the premises, inspected the fence, and told one of the neighbors to park her car in the shared driveway. (Id. ¶¶ 54-59.) Plaintiffs also allege that they saw one of the Neighbors get into Moy's car and drive away with him on more than one occasion. (Id. ¶¶ 51, 60.)

On October 20, 2016, Moy arrested George and charged him with "fourth degree criminal mischief" and "trespass," charges allegedly based on a complaint made by the Neighbors that George had bent one of the wheels on a bicycle they owned that had been chained to his fence. (Id. ¶¶ 62-65.) On September 19, 2017, all charges against George were allegedly dismissed and sealed in Kings County Criminal Court. (Id. ¶ 66.)

## C. Procedural History

Plaintiffs filed this complaint on February 16, 2018. (Compl.) On March 12, 2018, counsel for Defendants moved for an extension of time to answer or otherwise respond to the complaint. (Defs. Mar. 12, 2018 Letter (Dkt. 7).) Magistrate Judge Vera M. Scanlon entered an order extending the deadline to answer or otherwise respond to the complaint to April 27, 2018 (Mar. 13, 2018 Order (Dkt. 8)), and, with the court's permission, Defendants filed their fully briefed motion to dismiss on September 24, 2018 (Mem.; Opp'n; Reply.). In their motion,

Defendants raise four arguments: (1) Plaintiffs failed to state a claim for false arrest or malicious prosecution because probable cause supported Plaintiffs' arrests; (2) Defendants are entitled to qualified immunity because, at the least, arguable probable cause supported the arrests; (3) Plaintiffs' claims against the City fail because they have not alleged the existence of a municipal policy or custom; and (4) the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims. (Mem. at 1.)

## II. LEGAL STANDARD

The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of a plaintiff's claims for relief. Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir. 2007). A complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. When considering a motion to dismiss for failure to state a claim, the court must accept as true all allegations of fact in the complaint and draw all reasonable inferences in favor of the plaintiff. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

## III. DISCUSSION

### A. Federal Claims

Plaintiffs raise the following federal claims against Moy pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution: false arrest and malicious prosecution of Michael Santulli (Compl. ¶¶ 38-39); and false arrest and malicious

prosecution of George Santulli (id. ¶¶ 67-68). For the reasons discussed below, the court finds

that Plaintiffs have not sufficiently alleged facts to support any of these claims.

### 1.    Malicious Prosecution Claims

In order to prevail on a § 1983 claim against a state actor for malicious prosecution,

Plaintiffs must show a violation of their rights under the Fourth Amendment and "must establish

the elements of a malicious prosecution claim under state law." Manganiello v. City of New

York, 612 F.3d 149, 160-61 (2d Cir. 2010). Under New York law, a plaintiff claiming malicious

prosecution must prove: "(1) the initiation or continuation of a criminal proceeding against

plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for

commencing the proceeding; and (4) actual malice as a motivation for Defendant's actions." Id.

at 161 (citations and internal quotation marks omitted); see also Colon v. City of New York, 455

N.E.2d 1248, 1250 (1983).

As a general rule, "[o]nce a criminal Defendant has been formally charged, the chain of

causation between the officer's conduct and the claim of malicious prosecution is broken by the

intervening actions of the prosecutor, thereby abolishing the Officer's responsibility for the

prosecution." Williams v. City of New York, No. 02-CV-3693 (CBM), 2003 WL 22434151, at

*6 (S.D.N.Y. Oct. 23, 2003) (citing Townes v. City of New York, 176 F.3d 138, 147 (2d Cir.

1999)). This is because a defendant—even a police officer—"must do more than report the

crime or give testimony" in order to have initiated a criminal proceeding for the purposes of a

malicious prosecution claim. Manganiello, 612 F.3d at 163. And "[a]lthough there is a

presumption that a prosecutor exercises independent judgment . . . , an arresting officer may be

held liable for malicious prosecution where a police officer creates false information likely to

influence a jury's decision and forwards that information to prosecutors, or when she withholds

relevant and material information." Mitchell v. Victoria Home, 434 F. Supp. 2d 219, 227 (S.D.N.Y. 2006) (quotation marks and citations omitted).

Plaintiffs here have not alleged any facts indicating that Moy initiated a criminal proceeding against either George or Michael. The complaint alleges that Michael "was booked and was put through the system" and that, "[f]ollowing several court appearances, the charge against [him] was dismissed and sealed." (Compl. ¶¶ 33-34.) The court thus understands the complaint to allege that Michael was formally charged following his arrest, which breaks "the chain of causation between [Moy's] conduct and the claim of malicious prosecution [and] thereby abolish[es] [Moy's] responsibility for the prosecution." See Williams, 2003 WL 22434151, at *6 (citing Townes, 612 F.3d at 163). The complaint does not allege any facts indicating that Moy took any unusually active role in the prosecution thereafter, nor that he provided false information to the prosecutor or otherwise behaved in any way that would overcome the "presumption that a prosecutor exercises independent judgment in deciding whether to initiate and continue a criminal proceeding." See Mitchell, 434 F. Supp. 2d at 227 (quotation marks and citations omitted).

Plaintiffs' malicious prosecution claim as to George fails for the same reasons. The complaint appears to allege that he, too, was formally charged (see Compl. ¶ 66 ("After several court of [sic] appearances, all charges against [George] were dismissed and sealed.")), but does not allege that Moy provided prosecutors with false information or was particularly involved in the prosecution against George. The court thus dismisses both of Plaintiffs' malicious prosecution claims.

2.    False Arrest Claims

Courts analyze a § 1983 false arrest claim under "the law of the state in which the arrest

occurred." Davis v. Rodriguez, 364 F.3d 424, 433 (2d Cir. 2004). Under New York law, a

plaintiff must prove four elements to prevail on a false arrest claim: (1) the defendant intended to

confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not

consent to the confinement; and (4) the confinement was not otherwise privileged. See Wright v.

Musanti, 887 F.3d 577, 587 (2d Cir. 2018) (citing Broughton v. New York, 335 N.E.2d 310, 314

(N.Y. 1975)). The only element at issue here is the fourth; that is, whether the confinement was

otherwise privileged.

Defendants argue that the arrest was valid because Moy had probable cause to arrest

Michael. (Mem. at 7.) "An arrest is privileged if it is supported by probable cause, which 'is an

absolute defense to a false arrest claim.'" Heyliger v. Peters, — F. App'x —, 2019 WL

2652192, at *1 (2d Cir. 2019) (summary order) (quoting Jaegly v. Couch, 439 F.3d 149, 152 (2d

Cir. 2006)). "A defendant bears the burden of raising and proving the existence of probable

cause for a plaintiff's arrest." Frederick v. City of New York, 2016 WL 8711395, at *12

(E.D.N.Y. Mar. 25, 2016) (citing Dickerson v. Napolitano, 604 F.3d 732, 751 (2d Cir. 2010);

Curry v. City of Syracuse, 316 F.3d 324, 335 (2d Cir. 2003)). The existence of probable cause is

"normally asserted in an answer," Silver v. Kuehbeck, 217 F. App'x 18, 22 (2d Cir. 2007)

(summary order), but it "may nevertheless warrant dismissal on a pre-answer motion to dismiss

where probable cause appears on the face of the complaint, in that facts admitted in the

complaint establish each of the elements of the crime," Frederick, 2016 WL 8711395, at *12

(quoting Silver, 217 F. App'x at 22) (quotation marks omitted and alterations adopted).

Probable cause exists when an officer "ha[d] knowledge or reasonably trustworthy information of facts and circumstances that [would be] sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). In making this assessment, courts view "the totality of the circumstances" and consider the "facts available to the officer at the time of the arrest and immediately before it." Caldarola v. Calabrese, 298 F.3d 156, 162 (2d Cir. 2002) (quotations marks and citations omitted). Probable cause can exist "based upon mistaken information, so long as the arresting officer was reasonable in relying on that information." Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994) (citing Colon, 455 N.E.2d at 1250). The inquiry is objective, and a court should not consider the subjective beliefs or motivations of the arresting officer. Whren v. United States, 517 U.S. 806, 812-13 (1996).

According to the complaint, at the time of Michael's arrest, Moy had viewed a surveillance video that he believed showed broken tiles on the Neighboring Premises. (See Compl. ¶ 29.) And the complaint implies—though it does not explicitly state—that Moy had received a complaint about the wheelbarrow incident from Plaintiffs' neighbors. (Compl. ¶¶ 26-29; see Resp. at 7 (arguing that Moy was not reasonable to rely on information provided by Plaintiffs' neighbors when deciding to arrest Plaintiffs).) Such facts alone are sufficient to establish that Moy had probable cause to believe that Michael had committed criminal mischief in the fourth degree.[2]

Similarly, Moy had probable cause to arrest George. According to the complaint, at the time of the arrest, the owner of the neighboring premises had informed Moy that (1) George had

---

[2] Under New York law, a person is guilty of criminal mischief in the fourth degree when he, inter alia, "intentionally damages the property of another person" while "having no right to do so nor any reasonable ground to believe that he [ ] has such right." N.Y. Penal Law § 145.00.

11

bent the wheels of their bicycle (Compl. ¶¶ 44, 64), and (2) had constructed a fence that the

owners of the neighboring premises claimed was partially standing on their property (id. ¶ 43).

Such complaints are sufficient to allow "a person of reasonable caution" to believe that George

had committed criminal mischief in the fourth degree and trespass.[3] See Weyant, 101 F.3d at

852.

Plaintiffs essentially raise two arguments against the existence of probable cause as to

both arrests: (1) that Moy was biased because he had a personal relationship with the Neighbors

(Opp'n at 6), and (2) that Moy was unreasonable to rely on the Neighbors' complaints given his

awareness of their contentious history (id. at 7-8). The first argument—that Moy was biased—

does not affect the court's analysis because, as noted above, the probable cause inquiry is

objective and the subjective beliefs or motivations of the arresting officer are irrelevant. Whren,

517 U.S. at 812-13.

As to Plaintiff's second argument—that Moy unreasonably relied on the complaints of

the owners of the neighboring premises—Plaintiffs are correct that, even though victim

complaints are ordinarily sufficient to establish probable cause, they might not do so in

"circumstances that raise doubts as to the victim's veracity." (Opp'n at 7 (quoting Mistretta v.

Prokesch, 5 F. Supp. 2d 128, 133 (E.D.N.Y. 1998).) Such circumstances arise most often where

"there exists a prior relationship between the victim and the accused that gives rise to a motive

for a false accusation," Mistretta, 5 F. Supp. 2d at 134, such as a "complaint made by one spouse

against another in the midst of divorce proceedings," id. at 133, or a complaint "made by one

family against another in the midst of a civil lawsuit and a long-running dispute between the

---

[3] Under New York law, "[t]resspass is a violation," and a "person is guilty of trespass when he knowingly enters or remains unlawfully in or upon premises." N.Y. Penal Law § 140.05.

two," Curanaj v. Cardone, No. 10-CV-5689 (ER), 2012 WL 4221042, at *9 (S.D.N.Y. Sept. 19, 2012). Even in such cases, however the law does not expect police officers to "turn a blind eye to a plausible allegation" of criminal activity. Id. at *10. In fact, in such cases, courts have found probable cause—or at least arguable probable cause—where police officers responded to such complaints by engaging in further investigation that ultimately led to an arrest. See, e.g., id. (finding that a police officer had arguable probable cause to arrest an individual despite a long-standing contentious relationship between the two involved parties after speaking to both individuals and "finding physical evidence to support the accuser's claim"); Mistretta, 5 F. Supp. 2d at 134 (finding that an officer had probable cause to arrest an individual who had allegedly damaged his spouse's furniture in the midst of divorce proceedings because the officer interviewed the involved parties and observed damaged furniture).

In this case, Moy did not rely exclusively on the complaints of the supposed victims of Plaintiffs' crimes. Instead, he spoke with both George and Michael about the accusations against them (see Compl. ¶¶ 25-30, 47), inspected the premises (id. ¶ 58-59), and watched a surveillance video that he concluded showed broken tiles (id. ¶ 29). Coupled with the complaints from the alleged victims, such investigation was sufficient to allow "a person of reasonable caution" to believe that George and Michael had committed the crimes alleged. See Weyant, 101 F.3d at 852. The allegations in the complaint therefore indicate that both arrests were supported by probable cause, and Plaintiffs' false arrest claims must fail.

B.    State Law Claims

Having determined that Plaintiffs' federal claims should be dismissed, the court sees no reason to retain jurisdiction over state-law claims at this early stage in the litigation. The court therefore declines to exercise supplemental jurisdiction over Plaintiffs' remaining claims. See 28

13

U.S.C. § 1367(c)(3); <u>see also</u> <u>In re Merrill Lynch Ltd. P'ships Litig.</u>, 154 F.3d 56, 61 (2d Cir. 1998) (per curiam) ([W]hen the federal claims are dismissed the state claims should be dismissed as well." (citations and quotation marks omitted)).

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. 22) is GRANTED in full. The Clerk of Court is respectfully DIRECTED to enter judgment and close the case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York           NICHOLAS G. GARAUFIS
       July 29, 2019                United States District Judge